NO. 09-8

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

## IN RE JAMES H. ROANE, JR., MOVANT

## MOTION OF THE INNOCENCE NETWORK FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE IN SUPPORT OF MOVANT JAMES H. ROANE, JR.'S MOTION FOR ORDER AUTHORIZING DISTRICT COURT TO CONSIDER SECOND PETITION FOR WRIT OF HABEAS CORPUS

**Charles B. Wayne**
**DLA PIPER LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
Telephone: (202) 799-4000
Facsimile: (202) 799-5000

**Jessie A. Amos**
**DLA PIPER LLP (US)**
1000 Louisiana Street, Suite 2800
Houston, Texas 77002-5005
Telephone: (713) 425-8400
Facsimile: (713) 425-8401

**James I. Kaplan**
**DLA PIPER LLP (US)**
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601-1293
Telephone: (312) 368-4000
Facsimile: (312) 236-7516

**Tyson K. Harper**
**DLA PIPER LLP (US)**
701 Fifth Avenue, Suite 7000
Seattle, Washington 98104-7044
Telephone: (206) 839-4800
Facsimile: (206) 839-4801

*Counsel for Amicus Curiae The Innocence Network*

The Innocence Network moves, pursuant to Federal Rule of Appellate Procedure 29(b), for leave to file the accompanying Amicus Brief in support of the position of Movant James H. Roane, Jr. and in support of his Motion for Order Authorizing District Court to Consider Second Petition for Writ of Habeas Corpus.

## I.    Interest Of The Innocence Network

The Innocence Network is interested in the issues raised in Mr. Roane's Motion because such issues directly relate to the central purpose of The Innocence Network.  Specifically, The Innocence Network is interested in the issue of equitable tolling of the one-year limitations period of the Antiterrorism and Effective Death Penalty Act ("AEDPA") based on actual innocence.  The Innocence Network has an important institutional purpose in securing meaningful merits review of actual innocence claims based on newly discovered evidence.  In this case, the issue is important to Mr. Roane's claim that the one-year limitations period of the AEDPA should be equitably tolled based on his showing of a credible claim of actual innocence of the crime for which he received the death penalty.

The Innocence Network has a substantial interest in this case.  The Innocence Network is an affiliation of over forty organizations, world-wide, dedicated to providing *pro bono* legal and investigative services to individuals whose actual innocence of the crimes of which they have been convicted may be established in post-conviction proceedings.  The Innocence Network also works to

1

redress the causes of wrongful convictions.  The network of organizations consists of tax-exempt nonprofit organizations, projects based at educational institutions, units of attorneys or investigators within a governmental agency devoted to the representation of indigent persons, and law firms that commit substantial *pro bono* resources to individuals seeking to prove their innocence.  Only organizations that devote substantial resources to the representation of convicted persons with claims of innocence are eligible for membership in the network.  <u>See</u> http://innocencenetwork.org/members.html (last visited Aug. 13, 2009) (providing a list of Network members).

**II.    The Amicus Brief Is Desirable And Relevant To The Disposition Of The Case.**

The Amicus Brief of The Innocence Network is desirable and relevant to an issue that Mr. Roane raises in this Court.  The Innocence Network has unique insight into the issue of equitable tolling of the AEDPA statute of limitations based on a credible claim of actual innocence, which Mr. Roane raises in his Motion. The Innocence Network has represented dozens of individuals wrongfully convicted and imprisoned for crimes that they did not commit.  To date, 241 individuals have been exonerated based on DNA evidence through the efforts of The Innocence Network and other organizations.  <u>See</u> The Innocence Project Home Page, at http://www.innocenceproject.org (last visited Aug. 11, 2009) (providing count of U.S. postconviction DNA exonerations).  This figure of 241

does not include additional exonerations based on faulty eyewitness testimony, false confessions, and inaccurate forensic evidence. Experience in these cases demonstrates that proof of innocence is often untidy, untimely, and defies bright-line procedural strictures. See Brandon L. Garrett, *Judging Innocence*, 108 COLUM. L. REV. 55, 106 (2008) (noting that 86% of the individuals exonerated by DNA evidence previously had their claims denied by appellate courts). Although Mr. Roane's claim of actual innocence is not based on DNA evidence, the guiding principles are the same. It is a hallmark of our system of justice that actual innocence must prevail over procedural expediency, particularly when a sentence of death is imposed. Although arguing that the issue is not properly before the Court in determining his Motion, Mr. Roane urges the Court to recognize that the AEDPA's one-year limitations period for federal prisoners is subject to equitable tolling based on actual innocence in certain circumstances and he presents such circumstances.

Accordingly, amicus respectfully urges this Court to grant the motion for leave and file the accompanying Amicus Brief in order for the Court to have the perspective of The Innocence Network. It is the position of The Innocence Network that Mr. Roane's Motion should be granted because it raises vital innocence issues that merit full consideration by the district court.

CONCLUSION

For the foregoing reasons, The Innocence Network respectfully requests that this Court grant leave for The Innocence Network to file its Amicus Brief and file the Brief of Amicus Curiae The Innocence Network in this proceeding.

Respectfully submitted,

DLA PIPER LLP (US)


By: /s/ Charles B. Wayne
    Charles B. Wayne
    500 Eighth Street, NW
    Washington, DC 20004
    Telephone: (202) 799-4000
    Facsimile: (202) 799-5000

    James I. Kaplan
    203 North LaSalle Street, Suite 1900
    Chicago, Illinois 60601-1293
    Telephone: (312) 368-4000
    Facsimile: (312) 236-7516

    Jessie A. Amos
    1000 Louisiana Street, Suite 2800
    Houston, TX 77002-5005
    Telephone: (713) 425-8400
    Facsimile: (713) 425-8401

    Tyson K. Harper
    701 Fifth Avenue, Suite 7000
    Seattle, Washington 98104-7044
    Telephone: (206) 839-4800
    Facsimile: (206) 839-4801

    COUNSEL FOR AMICUS CURIAE
    THE INNOCENCE NETWORK

## STATEMENT OF NOTIFICATION OF OTHER COUNSEL

Counsel for Movant James H. Roane, Jr. have been informed of the intended filing of, and have consented to, the Motion of The Innocence Network for Leave to File Brief of Amicus Curiae in Support of Movant James H. Roane, Jr.'s Motion for Order Authorizing District Court to Consider Second Petition for Habeas Corpus. Counsel for Respondent United States have been informed of the intended filing of the Motion and discussed such filing with counsel prior to the date hereof.

/s/ Charles B. Wayne
Charles B. Wayne

## CERTIFICATE OF SERVICE

CM/ECF Mixed Service

I hereby certify that on August 13, 2009, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Dana J. Boente
Gurney Wingate Grant II
Office of the United States Attorney, Eastern District of Virginia
600 East Main Street, Suite 1800
Richmond, Virginia 23219

COUNSEL FOR RESPONDENT
UNITED STATES OF AMERICA

Paul F. Enzinna
Baker Botts L.L.P.
The Warner
1299 Pennsylvania Avenue, NW
Washington, DC 20004

COUNSEL FOR MOVANT JAMES H. ROANE, JR.

I further certify that on August 13, 2009, I have mailed the foregoing document by First-Class Mail, postage prepaid, to the following non-CM/ECF participants addressed as follows:

Billy H. Nolas
Shawn Nolan
Angela Elleman
Assistant Federal Defenders
Federal Community Defender Office
    for the Eastern District of Pennsylvania
Suite 545 West -  The Curtis Center
601 Walnut Street
Philadelphia, Pennsylvania 19106

COUNSEL FOR MOVANT JAMES H. ROANE, JR.

/s/  Charles B. Wayne
Charles B. Wayne

WEST\21777528