NO. 09-8

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

## IN RE JAMES H. ROANE, JR., MOVANT

BRIEF OF AMICUS CURIAE THE INNOCENCE NETWORK IN SUPPORT
OF MOVANT JAMES H. ROANE, JR.'S MOTION FOR ORDER
AUTHORIZING DISTRICT COURT TO CONSIDER
SECOND PETITION FOR WRIT OF HABEAS CORPUS

**Charles B. Wayne**
**DLA PIPER LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
Telephone: (202) 799-4253
Facsimile: (202) 799-5253

**Jessie A. Amos**
**DLA PIPER LLP (US)**
1000 Louisiana Street, Suite 2800
Houston, TX 77002-5005
Telephone: (713) 425-8400
Facsimile: (713) 425-8401

**James I. Kaplan**
**DLA PIPER LLP (US)**
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601-1293
Telephone: (312) 368-4000
Facsimile: (312) 236-7516

**Tyson K. Harper**
**DLA PIPER LLP (US)**
701 Fifth Avenue, Suite 7000
Seattle, Washington 98104-7044
Telephone: (206) 839-4800
Facsimile: (206) 494-1784

*Counsel for Amicus Curiae The Innocence Network*

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
Statement of Interest and Identity ...................................................................................1

Argument............................................................................................................................2

I.     Introduction...............................................................................................................2

II.    Application Of The AEDPA's One-Year Statute of Limitations
Is A Question For The District Court, Not The Court of Appeals ..................4

      A.      This Court Consistently Holds That The District Court Must
Consider Application Of The One-Year Statute Of Limitations ..........4

      B.      Other Courts Of Appeals Agree That The Determination Of
The Question Of Equitable Tolling Is One Originally For
The District Court...................................................................................6

III.   The AEDPA Statute Of Limitations Should Be Tolled For Claims
Of Actual Innocence That Meet The <u>Schlup</u> Standard..................................7

      A.      This Court Has Determined That The AEDPA Statute Of
Limitations Can Be Equitably Tolled .................................................7

      B.      The Clear Majority Of Courts Of Appeals That Have Addressed
The Issue Have Determined That Actual Innocence Justifies
Equitably Tolling...................................................................................10

      C.      The Constitution Requires Equitable Tolling Of Claims Of
Actual Innocence..................................................................................13

      D.      Since Equitable Tolling Only Applies To Credible Claims Of
Actual Innocence, Its Application Will Remain A Rare Remedy ......14

IV.   New Evidence Establishes Roane's Innocence And Meets The <u>Schlup</u>
Gateway Standard..................................................................................15

i

Conclusion ...................................................................................18

Certificate of Service ...................................................................20

**TABLE OF AUTHORITIES**

**Page**

**Cases**

Calderon v. United States Dist. Court, 128 F.3d 1283 (9th Cir. 1997) ...................11

David v. Hall, 318 F.3d 343 (1st Cir. 2003) ........................................................12

Davis v. Johnson, 158 F.3d 806 (5th Cir. 1998)................................................10,11

Dunlap v. United States, 250 F.3d 1001 (6th Cir. 2001) .........................................10

Fay v. Noia, 372 U.S. 391 (1963) ....................................................................8

Felder v. Johnson, 204 F.3d 168 (5th Cir. 2000) ...................................................11

Flanders v. Graves, 299 F.3d 974 (8th Cir. 2002) .............................................6,11,12

Gibson v. Klinger, 232 F.3d 799 (10th Cir. 2000) ..............................................11,12

Gildon v. Bowen, 384 F.3d 883 (7th Cir. 2004)................................................11,12

Gomez v. Toledo, 446 U.S. 635 (1980)...............................................................5

Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000)...........................................7,8,10

Herrera v. Collins, 506 U.S. 390 (1993).............................................................13

House v. Bell, 547 U.S. 518 (2006)................................................................16,18

In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997) .....................................................13

In re (Jackie) Williams, 444 F.3d 233 (4th Cir. 2006) ..........................................4,7

In re Winship, 397 U.S. 358 (1970)................................................................14

McMillan v. Jarvis, 332 F.3d 244 (4th Cir. 2003).................................................5

Miller v. Marr, 141 F.3d 976 (10th Cir. 1998) ..................................................11,13

Miller v. N.J. State Dep't of Corr., 145 F.3d 616 (3d Cir. 1998) ............................11

Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) ......................................................7,8,10

Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999) .......................................................16

Schlup v. Delo, 513 U.S. 298 (1995).................................................7-9,12,14-16,18

Silva v. Wood, 14 Fed. Appx. 803 (9th Cir. 2001)..................................................18

Souter v. Jones, 395 F.3d 577 (6th Cir. 2005) .................................... 6,10,11-13,15

Taliani v. Chrans, 189 F.3d 597 (7th Cir. 1999)....................................................10

Triestman v. United States, 124 F.3d 361 (2d Cir. 1997)........................................13

United States v. Blackstock, 513 F.3d 128 (4th Cir. 2008) ....................................5,7

United States v. Roane, No. 3:92CR68 (E.D. Va. May 1, 2003) ..............................2

United States v. Roane, 378 F.3d 382 (4th Cir. 2004)..............................................2

Whitley v. Senkowski, 317 F.3d 223 (2nd Cir. 2003)...........................................6,12

Wolfe v. Johnson, 565 F.3d 140 (4th Cir. 2009) ..................................................9,16

Wyzykowski v. Dep't of Corrections, 226 F.3d 1213 (11th Cir. 2000)......... 6,11-13

**Constitution and Statutes**

28 U.S.C. § 2244................................................................................................4

28 U.S.C. § 2254................................................................................................5

28 U.S.C. § 2255................................................................................................2

U.S. CONST. ART. I, §9 ...................................................................................13

## Other

Brandon L. Garrett, Judging Innocence,
108 COLUM. L. REV. 55 (2008)...........................................................................2

The Innocence Project Home Page
http://www.innocenceproject.org ....................................................................1

**STATEMENT OF INTEREST AND IDENTITY**

The Innocence Network has a substantial interest in this case. The Innocence Network is an affiliation of over forty organizations, world-wide, dedicated to providing *pro bono* legal and investigative services to individuals whose actual innocence of the crimes of which they have been convicted may be established in post-conviction proceedings. The Innocence Network also works to redress the causes of wrongful convictions. The network of organizations consists of tax-exempt nonprofit organizations, projects based at educational institutions, units of attorneys or investigators within a governmental agency devoted to the representation of indigent persons, and law firms that commit substantial *pro bono* resources to individuals seeking to prove their innocence. Only organizations that devote substantial resources to the representation of convicted persons with claims of innocence are eligible for membership in the network.

The Innocence Network has represented dozens of individuals wrongfully convicted and imprisoned for crimes that they did not commit.[1] Experience in these cases demonstrates that proof of innocence is often untidy, untimely, and

---

[1] To date, 241 individuals have been exonerated based on DNA evidence through the efforts of the Innocence Network and other organizations. See The Innocence Project Home Page, at http://www.innocenceproject.org (last visited Aug. 11, 2009) (providing count of U.S. postconviction DNA exonerations; the number as of August 2009 is 241). This figure does not include additional exonerations based on faulty eyewitness testimony, false confessions, and inaccurate forensic evidence.

defies bright-line procedural strictures. See Brandon L. Garrett, *Judging Innocence*, 108 COLUM. L. REV. 55, 106 (2008) (noting that 86% of the individuals exonerated by DNA evidence had previously had their claims denied by appellate courts). But it is a hallmark of our system of justice that actual innocence must prevail over procedural expediency, particularly when the sentence of death is imposed. Accordingly, amicus respectfully submits this brief under Federal Rule of Appellate Procedure 29 and urges this Court to adopt equitable tolling of the AEDPA's one-year statute of limitations for credible claims of actual innocence.

## ARGUMENT

### I.  Introduction

When James Roane previously sought habeas relief under 28 U.S.C. § 2255, the District Court for the Eastern District of Virginia held that Mr. Roane's trial counsel was constitutionally ineffective for failing to adequately investigate and present evidence of Mr. Roane's alibi for the killing of Douglas Moody. United States v. Roane, No. 3:92CR68 (E.D. Va. May 1, 2003). This Court, however, reversed the district court judgment and reinstated Mr. Roane's death sentence. United States v. Roane, 378 F.3d 382 (4th Cir. 2004). Since that reversal, counsel for Mr. Roane have uncovered additional evidence that he is innocent of the murder of Douglas Moody, including compelling evidence that a notorious drug dealer named Keith Barley was actually responsible for the crime. As a result of

this newly discovered evidence, Mr. Roane now seeks to file a second petition for habeas relief in United States District Court.

Because Mr. Roane filed a previous habeas petition, he must obtain authorization from this Court in order for the district court to consider his new, substantial claims of actual innocence and other constitutional errors. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a second habeas petition is permitted only if the petitioner can make a showing of "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1). When a petitioner makes the appropriate showing, this Court then "certif[ies]" the habeas petition to the district court. 28 U.S.C. § 2255(h).

Amicus does not address whether Mr. Roane can make the requisite showing under 28 U.S.C. § 2255(h) for certification of his habeas petition for district court review. Rather, amicus addresses the single issue of whether the AEDPA's one-year statute of limitations can procedurally bar Mr. Roane from obtaining habeas review despite credible and substantial evidence of Mr. Roane's actual innocence. This issue is fundamental to our system of justice: whether we will close the courthouse doors—based on a purely procedural statute of limitations—to

individuals who are innocent and sentenced to death for a crime they did not commit.

## II. Application Of The AEDPA's One-Year Statute of Limitations Is A Question For The District Court, Not The Court of Appeals.

### A. This Court Consistently Holds That The District Court Must Consider Application Of The One-Year Statute Of Limitations.

The sole issue for this Court is whether to certify Mr. Roane's second petition for habeas relief so that it may be considered by the district court. The Court's analysis is governed exclusively by 28 U.S.C. §§ 2255(h) and 2244(b), which instruct the Court to consider, *inter alia,* whether Mr. Roane has presented sufficient newly discovered evidence to establish that no reasonable jury would have found him guilty. According to the plain language of the governing statutes, the one-year limitations period is not a factor for consideration by this Court at this stage.

This Court has consistently held that the AEDPA's statute of limitations provisions[2] are affirmative defenses to be first raised by the prosecution and decided by the district court. See In re (Jackie) Williams, 444 F.3d 233, 237 n.\*

---

[2] The AEDPA statute of limitations provisions are codified at 28 U.S.C. §§ 2244(d) and 2255(f). These provisions are virtually identical, except that § 2244(d) applies to a habeas petition from a prisoner in state custody, and § 2255(f) applies to a petition from a prisoner in federal custody. Because Mr. Roane was convicted in the United States District Court for the Eastern District of Virginia, the limitations period of § 2255(f) is applicable here.

(4th Cir. 2006) ("it is preferable for the district court to consider in the first instance the timeliness of a petition, including the question of whether Williams might be entitled to equitable tolling of the statute of limitations" under 28 U.S.C. § 2254); McMillan v. Jarvis, 332 F.3d 244, 248 (4th Cir. 2003) (citing Gomez v. Toledo, 446 U.S. 635, 640 (1980) ("Because 'the state bears the burden of asserting' the statute of limitations defense under § 2244(d), a habeas petitioner is under no obligation to allege facts in anticipation of an affirmative defense that has not yet been raised").

Most recently, this Court held that it would be "improper" for the Court to render judgment on the statute of limitations under § 2255 without providing the petitioner an opportunity to present evidence in the district court. United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008). This Court remanded the case "to the district court so that [petitioner] may present whatever evidence he might have and the district court can determine in the first instance whether [petitioner's] § 2255 petition was timely filed." Id. Because statute of limitations issues are often fact intensive, as they appear to be in this case, district courts are better equipped to conduct the fact finding necessary to determine whether petitioner has filed within the limitations period. Since Mr. Roane has no obligation to address the statute of limitations until the Government raises it as an affirmative defense in

the district court, it necessarily follows that Mr. Roane has no obligation to address the statute of limitations in his current motion before this Court.

**B.**     **Other Courts Of Appeals Agree That The Determination Of The Question Of Equitable Tolling Is One Originally For The District Court**.

The majority of courts have held or at least indicated that the proper procedure for adjudicating an assertion of equitable tolling based on a claim of actual innocence is to have the district court determine first whether petitioner has presented a "credible" claim of actual innocence. See Whitley v. Senkowski, 317 F.3d 223, 225 (2nd Cir. 2003); Souter v. Jones, 395 F.3d 577, 588-596 (6th Cir. 2005); Wyzykowski v. Dep't of Corrections, 226 F.3d 1213, 1218 (11th Cir. 2000). The Second, Sixth and Eleventh Circuits have all concluded that the factual examination of the case, requiring the court to decide whether the evidence is really "new," in the sense that it was not previously presented to the courts, and whether it is sufficient in type, amount and quality to meet the applicable standard, is one for the district court. Even in Flanders v. Graves, 299 F.3d 974, 976 (8th Cir. 2002), which appears to enunciate an "actual innocence plus diligence" standard, the district court first determined the issue presented. It is precisely this procedure that is appropriate for this case, and that requires the district court to first

6

consider any question of equitable tolling of the AEDPA's one-year statute of limitations based on Mr. Roane's assertion of actual innocence.[3]

This Court should grant Roane's motion and allow the district court to determine whether the AEDPA statute of limitations should be equitably tolled if the Government raises a limitations defense. Blackstock, 513 F.3d at 133; Williams, 444 F.3d at 237 n.*. The proper approach is to authorize the filing of Roane's successive petition in the district court and allow that court to consider any limitations or equitable tolling claim that may be raised.

**III. The AEDPA Statute of Limitations Should Be Tolled For Claims Of Actual Innocence That Meet The <u>Schlup</u> Standard.**

Should this Court decide to address the statute of limitations issue in determining whether to certify Mr. Roane's petition for a writ of habeas corpus, this Court ought to follow the lead of several sister courts and allow equitable tolling of the AEDPA's limitations period for credible evidence of actual innocence that meets the standard of <u>Schlup v. Delo</u>, 513 U.S. 298 (1995).

**A. This Court Has Determined That The AEDPA Statute Of Limitations Can Be Equitably Tolled.**

Equitable tolling applies to the AEDPA's one-year statute of limitations. See <u>Rouse v. Lee</u>, 339 F.3d 238, 246 (4th Cir. 2003); <u>Harris v. Hutchinson</u>, 209

---

[3] If a credible claim of actual innocence is found—if the <u>Schlup</u> standard is met, in effect—no court should then refuse to toll the statute, particularly in a case involving the death penalty. This would flow in large part from the Constitutional concerns addressed below.

F.3d 325, 329-30 (4th Cir. 2000). The AEDPA limitations period is not a jurisdictional bar and, thus, "principles of equitable tolling may, in the proper circumstances, apply to excuse a plaintiff's failure to comply with the strict requirements of a statute of limitations." Harris, 209 F.3d at 328; see Fay v. Noia, 372 U.S. 391, 438 (1963) (affirming that "habeas corpus has traditionally been regarded as governed by equitable principles").

This Court has determined that a "resort to equity must be reserved for those rare instances where—due to circumstances external to a party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330. Under this Court's "extraordinary circumstances" test, a petitioner currently is entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing timely. Rouse, 339 F.3d at 246.

Roane, however, does not argue that the limitations period should be equitably tolled under the current extraordinary circumstances test as set forth in Rouse. Roane argues that, on a credible showing of actual innocence that meets the standard set forth by the Supreme Court in Schlup, equitable tolling applies to allow a court to consider his constitutional claims. In Schlup, the Supreme Court held that a credible showing of actual innocence is sufficient to allow a court to

consider the merits of an otherwise procedurally barred habeas petition. The actual innocence claim is a "gateway" though which a petitioner must pass to have the barred claims considered on the merits when a showing of actual innocence is sufficient to implicate a fundamental miscarriage of justice. Id. at 327.

Following Schlup, this Court has held that credible evidence of actual innocence preserves habeas review of otherwise procedurally defaulted claims. See Wolfe v. Johnson, 565 F.3d 140, 165 (4th Cir. 2009) (holding that the district court abused its discretion in failing to consider evidence of actual innocence that would preserve habeas claims under 28 U.S.C. § 2254). If a petitioner were able to "show that it is more likely than not that no reasonable juror would have convicted him in the light of [] new evidence," then the petitioner's procedural defaults would be excused. Id. at 164 (quoting Schlup, 513 U.S. at 327). This "actual innocence gateway" of Schlup is well established in this Circuit as a means by which a petitioner may overcome a procedural bar and present the barred claims in a habeas petition.

This Court, however, has not addressed the legal question of whether a petitioner may rely on the Schlup standard to equitably toll the AEDPA's one-year statute of limitations. If this Court considers any limitations issue in this proceeding, the Court should hold that the Schlup actual innocence gateway

applies to the AEDPA's one-year statute of limitations when a petitioner makes a credible showing of actual innocence. [4]

**B.     The Clear Majority Of Courts Of Appeals That Have Addressed The Issue Have Determined That Actual Innocence Justifies Equitable Tolling.**

When faced with habeas petitions in which petitioners have offered credible claims of actual innocence, as in this case, the vast majority of courts of appeals have decided that equitable tolling of the AEDPA statute of limitations is appropriate. The most extensive and thoroughly addressed treatment of the issue is that of the Sixth Circuit Court of Appeals in Souter v. Jones, 395 F.3d 577 (6th Cir. 2005). In reviewing the state of the law across jurisdictions, the Sixth Circuit noted that "the majority of the courts of appeals which have addressed the issue, including this one, have held that the doctrine of equitable tolling applies to the one-year limitations period." Id. at 598.[5]

---

[4]   This Court's decision in Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), does not foreclose such a determination. In Rouse, a capital murder case, this Court declined to adopt an equitable tolling test that would consider a petitioner's underlying claim or sentence. Id. at 251. Rouse asked the Court to consider his claims of jury misconduct raised in an untimely habeas petition. The Court concluded that Rouse did not meet the extraordinary circumstances test for equitable tolling because he did not show any extraordinary circumstances beyond his control that prevented him from complying with the one-year statute of limitations. Id. at 257. Rouse did not raise a claim of actual innocence.

[5] The Sixth Circuit cited the following cases for that proposition: Dunlap v. U.S., 250 F.3d 1001, 1007 (6th Cir. 2001); Harris v. Hutchinson, 209 F.3d 325, 329-30 (4th Cir. 2000); Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999); Davis v.

The Second, Fifth, Sixth, Seventh, Eighth, Tenth and Eleventh Circuits have held or suggested, either directly or in <u>dicta</u>, that equitable tolling applies to claims of actual innocence. <u>See Souter</u>, 395 F.3d at 597; <u>Flanders</u>, 299 F.3d at 978 (requiring, unlike <u>Souter</u>, that equitable tolling based on actual innocence be accompanied by "some action or inaction on the part of the respondent that prevented [the petitioner] from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations");[6] <u>Gildon v. Bowen</u>, 384 F.3d 883, 887 (7th Cir. 2004) (adopting the Eighth Circuit's approach in <u>Flanders</u>); <u>Gibson v. Klinger</u>, 232 F.3d 799, 808 (10th Cir. 2000) (holding that equitable tolling is appropriate "when a prisoner is actually innocent" and "diligently pursues his federal habeas claims"); <u>Felder v. Johnson</u>, 204 F.3d 168, 171 & n.8 (5th Cir. 2000) (finding that a claim of actual innocence "does not constitute a rare and exceptional circumstance," but suggesting that "a <u>showing</u> of actual innocence might"); <u>Wyzykowski</u>, 226 F.3d at 1218 (issue of actual innocence and equitable tolling raises "a troubling and difficult constitutional

---

Johnson, 158 F.3d 806, 811 (5th Cir. 1998; <u>Miller v. N.J. State Dep't of Corr.</u>, 145 F.3d 616, 618 (3d Cir. 1998); <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998); <u>Calderon v. United States Dist. Court</u>, 128 F.3d 1283, 1289 (9th Cir. 1997).

[6] <u>Flanders</u> is distinguishable from the instant case, and from <u>Souter</u>, in that the petitioner in <u>Flanders</u> appears merely to have "asserted" his innocence at the district court, rather than made a substantial showing of innocence, as was true in <u>Souter</u> and is true here. <u>Flanders</u>, 299 F.3d at 977.

question" requiring remand to District Court for determination of sufficiency of showing of actual innocence); <u>Whitley</u>, 317 F.3d at 225 (remanding case to the district court for a determination of whether petitioner has "credible claim of actual innocence"). Amicus has located only one case that does not admit to some sort of exception to the habeas statute of limitations for a showing of actual innocence.[7]

The principal question for the courts of appeals has not been whether equitable tolling applies to actual innocence claims, but whether the presentation of evidence of actual innocence is enough, or whether something more is required. On this question, the Circuits are in disagreement: several cases have held or suggested that a credible claim of innocence is sufficient at least at the initial stage (<u>Souter</u>, <u>Wyzykowski</u>, <u>Whitley</u>); but other courts have required something extra, like a "diligent" pursuit of the habeas remedy (<u>Gibson</u>, <u>Flanders</u> and <u>Gildon</u>).

This Court need not wade into this disagreement among the circuits, for two reasons. First, Roane does not argue that any claim of innocence is sufficient to toll the AEDPA's statute of limitations. Rather, Roane requests tolling of the limitations period based on substantial evidence of actual innocence that meets the demanding <u>Schlup</u> standard. Amicus is not aware of a single case from any jurisdiction where a petitioner presented evidence sufficient to satisfy the <u>Schlup</u> standard, but the court nonetheless refused to toll the limitations period. Indeed, as

---

[7] <u>David v. Hall</u>, 318 F. 3d 343, 347 (1st Cir. 2003).

described below, such a holding would almost certainly run afoul of Constitutional ground rules.

Second, Roane presents compelling reasons for potentially failing to meet the one-year limitations period, in addition to demonstrating substantial evidence of his actual innocence. Therefore, this Court need not address the hypothetical conundrum of a petitioner who can prove his actual innocence, but whose counsel has failed to diligently pursue habeas relief.

**C.** **The Constitution Requires Equitable Tolling For Credible Claims Of Actual Innocence**.

Equitable tolling for claims of actual innocence is not simply a matter of fairness, but also a Constitutional imperative. Article I of the Constitution provides: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public safety may require it." U.S. CONST. art. I, §9. As explained by the Sixth Circuit in Souter, denying federal habeas relief to one who is actually innocent is problematic, either on First or Eighth Amendment grounds. 395 F.3d at 601-02. See also Herrera v. Collins, 506 U.S. 390, 432 n.2 (1993) (Blackmun, J. dissenting) (suggesting that wrongful imprisonment of someone innocent may violate Eighth Amendment). Other courts have also raised the issue of a potential constitutional violation. See Wyzykowski, 226 F.3d at 1218; Triestman v. United States, 124 F.3d 361, 378-79 (2d Cir. 1997); In re Dorsainvil, 119 F.3d 245, 248 (3d Cir. 1997). The court in Miller v. Marr,

141 F.3d 976, 978 (10th Cir. 1998), stated that where a petitioner claims actual innocence, the limitations period "raises serious constitutional questions" which "possibly renders the habeas remedy inadequate and ineffective."

All of the foregoing reasoning is rendered exponentially stronger in a death penalty case. The execution of an innocent individual in a free society is repellent and calls into question the legitimacy of established legal institutions in the most serious possible way. For that reason, it would be almost certain that the barring of a credible claim of actual innocence by reason of a statute of limitations would be overturned on Constitutional grounds.[8] This could not have been the intent of Congress in enacting AEDPA, and for that additional reason, we believe equitable tolling based on actual innocence is required under the habeas corpus statute. As stated in <u>Schlup</u>:

> Indeed, concern about the injustice that results from the conviction of an innocent person has long been at the core of our criminal justice system. That concern is reflected … in the 'fundamental value determination of our society that it is for worse to convict an innocent man than to let a guilty man go free.'

513 U.S. at 325 (quoting <u>In re Winship</u>, 397 U.S. 358, 372 (1970) (Harlan, J., concurring)).

**D.    Since Equitable Tolling Only Applies To Credible Claims Of Actual Innocence, Its Application Will Remain A Rare Remedy**.

---

[8] A contrary rule would permit the execution of a condemned individual even in the face of exoneration by DNA or other dispositive evidence, which under our legal system is unthinkable.

The cases cited in this brief and petitioner's motion in this case dealing with the issue of actual innocence support this contention. Only <u>Souter,</u> among reported cases since enactment of the AEDPA, actually determined at the appellate level that equitable tolling entitled a petitioner to reach his constitutional claims at the district court level. Amicus is aware of no other claims that have even reached that stage, let alone overturned the conviction or punishment imposed by the original trial court. Not only do the cases suggest that the remedy will be rarely imposed, but this fact alone, joined with the relative difficulty of meeting the <u>Schlup</u> standard of "credible" exculpatory evidence, means that the floodgates of prisoner litigation will not open because the AEDPA one-year limitations period may be equitably tolled based on credible evidence of actual innocence. Amicus believes that Mr. Roane's circumstances present the rare case where the demanding <u>Schlup</u> standard is met.

**IV. New Evidence Establishes Roane's Innocence And Meets The <u>Schlup</u> Gateway Standard.**

As discussed, the <u>Schlup</u> actual innocence gateway standard applies to the AEDPA's statute of limitations. If a petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial . . . the petitioner should be allowed to pass through the gateway and argue his underlying claims." <u>Schlup</u>, 513 U.S. at 316. Thus, a petitioner may secure adjudication of an otherwise barred claim if the claim of actual innocence is sufficient to implicate a

fundamental miscarriage of justice. <u>Wolfe</u>, 565 F.3d at 164. A petitioner must demonstrate that in light of all of the evidence, including evidence not introduced at trial, it is more likely than not that no reasonable juror would have convicted him. <u>Schlup</u>, 513 U.S. at 327; <u>see</u> <u>House v. Bell</u>, 547 U.S. 518, 538 (2006) (noting that <u>Schlup</u> does not require absolute certainty about guilt or innocence).

Roane's compelling new evidence of actual innocence demonstrates that a court cannot have confidence in the outcome of Roane's trial and entitles him to have his claims heard in the district court. As this Court recognizes, <u>Schlup</u> "adopted a broad definition of 'new' evidence to be considered in such cases: a petitioner must offer 'new reliable evidence . . . that was not presented at trial.'" <u>Royal v. Taylor</u>, 188 F.3d 239, 244 (4th Cir. 1999) (quoting <u>Schlup</u>, 513 U.S. at 324). Evidence may include "'exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." <u>Wolfe</u>, 565 F.3d at 164 n.32 (quoting <u>Schlup</u>, 513 U.S. at 324). Such evidence need not be admissible at trial, but merely must be relevant and previously unavailable.

Mr. Roane's proffer of new evidence that was not presented to the jury and as set forth in his § 2255 Petition establishes that Keith Barley, not Mr. Roane, killed Douglas Moody. The new evidence includes Gina Taylor's unequivocal identification of Keith Barley as the person who stabbed Moody. Declaration of

Gina Taylor ¶¶ 2, 9 at A-11, A-12.[9]  Ms. Taylor did not identify Barley at trial because she was scared of him.  However, Barley is now dead and can no longer hurt her.  Id. ¶ 9 at A-12.  Two other persons, including Barley's best friend, also recently have identified Barley as Moody's killer.  Declaration of Lloyd McDaniels ¶ 6 at A-14; Declaration of Willie Coley ¶ 5 at A-17.

Additional evidence demonstrates that the Government's theory of the case is scientifically unsupportable and inconsistent with the "eyewitness" testimony on which the Government's case rested.  In part, two witnesses testified at trial that Mr. Roane used a wide knife, a military or butcher knife, to stab Moody.  Declaration of Dr. Marcella F. Fierro ¶ 6 at A-54.  However, examination of the stab wounds shows that they were made by a blade only 1/2 to 3/4 inch in width.  Id.  If asked at trial, Dr. Fierro would have testified that this eyewitness testimony was inconsistent with the physical evidence.  Id.  New evidence also has been provided that contradicts testimony that Moody jumped through a window and the accuracy of the witnesses who testified.  Declaration of Robert Tressel ¶¶ 3-6 at A-58, A-59.  Mr. Tressel also has "serious concerns" about the police crime scene investigation in Mr. Roane's case.  Id. ¶ 7 at A-59.

---

[9]  Citations are to Declarations contained in the Appendix to Petition for Writ of Habeas Corpus, which accompanies Mr. Roane's § 2255 Petition, and to the pages in that Appendix.

When considered in conjunction with the evidence presented at trial, Roane persuasively shows his actual innocence. It is more likely than not that, when faced with all of the conflicting evidence, no reasonable juror would have voted to convict Roane of Moody's murder. See House, 547 U.S. at 553-554 (concluding that, although not conclusively exonerating the petitioner, the new evidence, including evidence pointing to a different suspect, met the Schlup standard); Silva v. Wood, 14 Fed. Appx. 803, 804-05 (9th Cir. 2001) (concluding that police assessments and eyewitness accounts not presented at trial, when considered with all the evidence, established a gateway showing of innocence). The evidence raises sufficient doubt about Roane's guilt and undermines confidence in the result of the trial. This evidence meets the threshold standard of Schlup and thus entitles Mr. Roane to receive equitable tolling of the statute of limitations and to have his claims heard on the merits.

## CONCLUSION

For the foregoing reasons, The Innocence Network respectfully requests the Court to grant Mr. Roane's Motion and authorize the district court to consider his second petition for a writ of habeas corpus.

Respectfully submitted,

DLA PIPER LLP (US)


By: /s/  Charles B. Wayne
    Charles B. Wayne
    500 Eighth Street, NW
    Washington, DC 20004
    Telephone:  (202) 799-4000
    Facsimile:   (202) 799-5000

    James I. Kaplan
    203 North LaSalle Street, Suite 1900
    Chicago, Illinois  60601-1293
    Telephone:  (312) 368-4000
    Facsimile:   (312) 236-7516

    Jessie A. Amos
    1000 Louisiana Street, Suite 2800
    Houston, TX 77002-5005
    Telephone:  (713) 425-8400
    Facsimile:   (713) 425-8401

    Tyson K. Harper
    701 Fifth Avenue, Suite 7000
    Seattle, Washington  98104-7044
    Telephone:  (206) 839-4800
    Facsimile:   (206) 839-4801

COUNSEL FOR AMICUS CURIAE
THE INNOCENCE NETWORK

**CERTIFICATE OF SERVICE**

CM/ECF Mixed Service

I hereby certify that on August 13, 2009, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Dana J. Boente
Gurney Wingate Grant II
Office of the United States Attorney, Eastern District of Virginia
600 East Main Street, Suite 1800
Richmond, Virginia 23219

COUNSEL FOR RESPONDENT
UNITED STATES OF AMERICA

Paul F. Enzinna
Baker Botts L.L.P.
The Warner
1299 Pennsylvania Avenue, NW
Washington, DC 20004

COUNSEL FOR MOVANT JAMES H. ROANE, JR.

I further certify that on August 13, 2009, I have mailed the foregoing document by First-Class Mail, postage prepaid, to the following non-CM/ECF participants addressed as follows:

Billy H. Nolas
Shawn Nolan
Angela Elleman
Assistant Federal Defenders
Federal Community Defender Office
    for the Eastern District of Pennsylvania
Suite 545 West -  The Curtis Center
601 Walnut Street
Philadelphia, Pennsylvania 19106

COUNSEL FOR MOVANT JAMES H. ROANE, JR.


/s/  Charles B. Wayne
Charles B. Wayne

WEST\21778993.1

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No.** _____   **Caption:** _____

### CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.     This brief complies with the  type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

*[Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines; Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines; any Reply or Amicus Brief may not exceed 7,000 words or 650 lines; line count may be used only with monospaced type]*

   [ ]     this brief contains _____ [*state the number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [ ]     this brief uses a monospaced typeface and contains _____ [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

*[14-point font must be used with proportional typeface, such as Times New Roman or CG Times; 12-point font must be used with monospaced typeface, such as Courier or Courier New]*

   [ ]     this brief has been prepared in a proportionally spaced typeface using _____ _____ [*state name and version of word processing program*] in _____ _____ [*state font size and name of the type style*]; *or*

   [ ]     this brief has been prepared in a monospaced typeface using _____ _____ [*state name and version of word processing program*] with _____ _____ [*state number of characters per inch and name of type style*].

(s) _____

Attorney for _____

Dated: _____